UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                )
MICHAEL GARNER,                 )
        Petitioner,             )
                                )
v.                              )   Civil Action No. 05-30035-MAP
                                )
MICHAEL THOMPSON,               )
        Respondent.             )
_____)

**RESPONDENT'S REPLY MEMORANDUM OF LAW IN OPPOSITION
TO THE PETITION FOR HABEAS CORPUS**

Respondent Michael Thompson submits this reply memorandum of law in opposition to the petition for habeas corpus filed by petitioner Michael Garner; it replies to Petitioner's Memorandum in Support (Paper No.14). Respondent replies only as to ground two of the petition. In sum, Petitioner has abandoned the theory upon which he presented this ground to the state courts and thus may not receive relief on the new--unexhausted--theory of the claim he presents here. Since this new claim is transparently meritless, the Court should reach the claim and deny it.

As recounted fully in Respondent's opening memorandum (Paper No. 10), Petitioner was sentenced to an enhanced term of imprisonment for recidivist firearm possession, following the bifrucated trial mandated by M.G.L. c. 278, § 11A. At the sentencing portion of the trial, the Commonwealth presented expert fingerprint testimony to show that the person convicted in the guilt phase of the trial was the same person who had previously been convicted of three predicate crimes. In state court, Petitioner argued that he received ineffective assistance of counsel because counsel failed to object to this testimony on hearsay grounds, and failed to move for a required finding of not guilty. Supp. App. at A:14-18; D:22-29; G:7-9. The gravamen of

Petitioner's claim was that counsel had failed to hold the Commonwealth to its burden to produce evidence (beyond a coincidence of names) that the defendant was actually the same person who had been convicted of three crimes on prior occasions. *See Commonwealth v. Koney*, 421 Mass. 295, 302 (1995). The Appeals Court, noting that much more admissible evidence identifying defendant as the person previously convicted was adduced than in *Koney*, rejected this argument. Supp. App. at F:1, n.2.

Recognizing perhaps that his original ineffective assistance argument rests on a state evidentiary question decided against him by the Appeals Court and not subject to reconsideration here, Petitioner advances for the first time the novel claim that counsel was ineffective in failing to make the Commonwealth prove by extrinsic evidence that the person being sentenced at the sentencing trial was the same person just convicted at the guilt trial. Pet. Mem., Paper No. 14, at pp. 12-15. This Court cannot grant relief on this claim, since it was never presented to the Supreme Judicial Court, 28 U.S.C. § 2254(b)(1)(A), (c), although the Court is free to deny the claim. 28 U.S.C. § 2254(b)(2). Given the fundamentally misguided nature of this argument, the Court should simply deny this claim on the merits and deny the petition.

On September 7, 1999, the court held both phases of defendant's trial. The evidence in the guilt phase was concluded at 3:10 p.m. T. II:105. Following a thirty-five minute recess, the court reconvened, with the defendant present. *Id*. At that time, the court found defendant guilty of the two substantive offenses. T. II:106. The court then immediately–without any break in proceedings–arraigned defendant on the repeat offender portion of the indictments, after ascertaining that defense counsel had no objection to this procedure:

> Mr. Garner, if you would stand, please. You have entered not guilty pleas when you were first arraigned on these charges back in December 1998. However, for purposes of the record, this is what we call a bifurcated case, where you must first be found guilty on the possession of a gun with respect to one indictment, possession of ammunition with respect to another indictment before the issue as to prior offenses is dealt with. And because of that, I am proceeding to arraign you again on indictments 98-2630 and 98-2666, you now having been found guilty of illegal possession of a firearm and illegal possesion of firearm ammunition.
>
> I ask you now how you plead to that portion of Chapter 269, Section 10G, that alleges that this possession occurred with you having been previously convicted of three violent crimes or three serious drug offenses or any combination thereof, totalling three, arising from separate incidents, whether you plead guilty or not guilty; and you may consult, of course, with [counsel] on that issue.
>
> THE DEFENDANT: Not guilty, Your Honor.

Tr. II:108-09. The Commonwealth presented its fingerprint and prior conviction testimony, T. II:110-131, and then rested. T. II:131.

Petitioner apparently suggests that at this point, constitutionally effective counsel would have argued to the judge that an acquittal was mandated because the Commonwealth had not proven beyond a reasonable doubt that the person the court had arraigned was actually the same person the court had convicted just moments earlier. Nothing in § 111A or *Koney* suggests that such a fanciful argument would have had any chance of success. That the defendant at the sentencing phase is the same person who was convicted at the guilt phase is not evidence of identification adduced at the guilt phase of the trial. There was no evidence presented at the guilt phase of the trial that the court could have relied on to identify defendant as the person convicted of the prior offenses that were at issue in the sentencing proceeding. Treating defendant as though he continued to remain the same person after the guilt phase of his bifurcated trial did not violate the Massachusetts statutory requirement for separate sentencing trials, and the failure to

raise such an argument was not ineffective assistance of counsel.  The Court should reject the newly articulated ground two of the petition, and deny the petition in its entirety.

## Conclusion

For these reasons, the petition for habeas corpus should be denied..

                Respectfully submitted,

                THOMAS F. REILLY
                ATTORNEY GENERAL


                /s/ David M. Lieber
                David M. Lieber (BBO# 653841)
                Assistant Attorney General
                Criminal Bureau
                One Ashburton Place
                Boston, Massachusetts  02108
                (617) 727-2200 ext.2827

                ATTORNEYS FOR RESPONDENT

Dated: December 9, 2005