UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTERN DIVISION

MICHAEL GARNER,
    Petitioner,
        v.

MICHAEL THOMPSON,
    Respondent.

Civil Action No. 05-30035-MAP

### Memorandum In Support Of Application For Certificate Of Appealability

Introduction

This Court denied Mr. Garner's petition for habeas corpus on two grounds. First, that the evidence presented at a jury waved trial, "while providing fodder for debate," was sufficient to prove the knowledge element of constructive possession despite the fact that Garner could not have seen the gun at the time it was discovered nor was there any evidence of him having prior possession. Second, that trial counsel's failure to object to hearsay evidence and/or failure to move for a required finding of not guilty, when the Commonwealth failed to comply with the statutory requirement that identification of the defendant at the enhanced sentencing trial must be based on evidence independent of what was introduced at the trial on the underlying indictment, did not amount to ineffective assistance of counsel.

Even if this Court is completely convinced that the state

1

court's decision was based on a reasonable determination of the facts and was not contrary to nor an unreasonable application of clearly established federal law it must grant Mr Garner a certificate of appealability if reasonable jurists could find this Court's resolution of his claims are debatable.[1]

### I. The applicable standards for issuance of a certificate of appealability.

In order for Mr. Garner to be permitted to appeal his case to the First Circuit, this Court must grant him a "certificate of appealability" (or COA) under 28 U.S.C. § 2253. The inquiry in determining whether to grant a COA is merely a "threshold" inquiry.[2] In order to meet his burden, the statute requires that Mr. Garner make "a substantial showing of the denial of a constitutional right."[3] This standard is explicitly drawn from the Supreme Court's prior "Certificate of Probable Cause" jurisprudence under former 28 U.S.C. § 2253 and *Barefoot v. Estelle*.[4] In *Barefoot*, the Court emphasized that the petitioner need **not** demonstrate that "he should prevail on the merits...; he must demonstrate [only] that the issues are <u>debatable</u> among

---

[1] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); 28 U.S.C. § 2253.
[2] *Miller-El v. Cockrell*, 154 L.Ed.2d 931, 944 (2003).
[3] 28 U.S.C. §2253(c)(2)
[4] *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).

jurists of reason; that a court <u>could</u> resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"[5] If the Court is at all in doubt whether to issue the COA, the Court must resolve those doubts in favor of granting the COA.[6]

The Supreme Court, in recent years, has repeatedly and emphatically stated that the "debatable among jurists of reason" standard is designed to be permissive, rather than restrictive.[7] In *Miller-El v. Cockrell* the Supreme Court reiterated that it do[es] <u>not</u> require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.[8]

Bearing these permissive standards in mind, the Court should issue a COA in this case.

### II. A certificate of appealability must issue because this Court found it debatable as to whether Mr. Garner had knowledge and ergo constructive possession of a weapon found with the aid of a flash light lying on top of clothes

---

[5] *Id.* at n. 4.
[6] *Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).
[7] *Miller-El*, 537 U.S. at 327; *Banks v. Dretke*, No. 02-8286 at 72 (U.S. Sup. Ct. February 24, 2004).
[8] *Miller-El*, 537 U.S. at 338 (emphasis added).

3

> **beneath which the Defendant was secreted in a completely dark closet off a completely dark room in an apartment without electricity at 4:00 a.m. in which there were three other people in addition to the defendant who could have had equal access to the weapon.**

The essence of Mr. Garner's claim is that the Commonwealth's evidence equally sustained either of two (or more) inconsistent propositions both (all) of which required speculation insofar as the facts alone would not sustain either. This Court acknowledged that counsel's argument, had it been made at trial, would have been a good closing argument [and might have won the day?]. This alone sustains the petitioner's burden for a COA by showing that the issue of guilt is debatable and that a jour of reason could resolve the issue in a different manner. *Pennsylvania R. Co. v. Chamberlain*, 288 U.S. 333, 339 (1933)(When evidence tends to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof), *People v. Jackson*, 65 N.Y.2d 265, 272, 491(1985)(verdict may not be based on speculation).

### III. Common sense does not trump the dictates of a statue.

4

Massachusetts state law holds that "The separate trial requirement of G.L.c. 278, § 11A, preclude(s) the judge from relying on any evidence that had been presented at the jury trial to establish identity." *Commonwealth v. Koney*, 421 Mass. 295, 302(1995). The statue further provides[9] that the court in its discretion may conduct the enhanced sentencing trial before the same jury (that decided the

---

[9] Section 11A reads in its entirety as follows:

G.L.c. 278, § 11A. Habitual criminals; separate trial on issue of prior conviction.

Section 11A. If a defendant is charged with a crime for which more severe punishment is provided for second and subsequent offenses, and the complaint or indictment alleges that the offense charged is a second or subsequent offense, the defendant on arraignment shall be inquired of only for a plea of guilty or not guilty to the crime charged, and that portion of the indictment or complaint that charges, or refers to a charge that, said crime is a second or subsequent offense shall not be read in open court. If such defendant pleads not guilty and is tried before a jury, no part of the complaint or indictment which alleges that the crime charged is a second or subsequent offense shall be read or shown to the jury or referred to in any manner during the trial; provided, however, that if a defendant takes the witness stand to testify, nothing herein contained shall prevent the impeachment of his credibility by evidence of any prior conviction, subject to the provisions of section twenty-one of chapter two hundred and thirty-three. If a defendant pleads guilty or if there is a verdict or finding of guilty after trial, then before sentence is imposed, the defendant shall be further inquired of for a plea of guilty or not guilty to that portion of the complaint or indictment alleging that the crime charged is a second or subsequent offense. If he pleads guilty thereto, sentence shall be imposed; if he pleads not guilty thereto, he shall be entitled to a trial by jury of the issue of conviction of a prior offense, subject to all of the provisions of law governing criminal trials. A defendant may waive trial by jury. The court may, in its discretion, either hold the jury which returned the verdict of guilty of the crime, the trial of which was just completed, or A may order the impaneling of a new jury to try the issue of conviction of one or more prior offenses. Upon the return of a verdict, after the separate trial of the issue of conviction of one or more prior offenses, the court shall impose the sentence appropriate to said verdict.

underlying indictment - the 1st trial) or may empanel a new jury. In the instant case the defendant waived his right to a jury trial both at the trial for the charged offense (1st trial) and at the enhanced sentencing trial (2nd trial) which occurred after he had been found guilty at the 1st trial. In his petition Mr. Garner maintains that the Commonwealth failed to introduce any evidence at the 2nd trial that he was the person who was convicted in the 1st trial other than his presence before the same judge at both trials. The defendant maintains that this fact is not in dispute by either the Commonwealth or this Court, rather the finding is that because the same defendant stood before the judge in both trials that, notwithstanding the black letter interpretation of the statue, *Commonwealth v. Koney*, 421 Mass. at 302, is legally sufficient to establish identity[10].

Mr. Garner should be granted a COA on this issue because the reasons this Court set forth orally for dismissing on this ground must be premised on the proposition that the Massachusetts Supreme Judicial Court misinterpreted the statue in *Koney and* a Judge has the right to establish the identity of the defendant at the 2nd trial

---

[10] Had the defendant exercised his right to a jury trial at the 2nd trial it is clear that the evidence before this independent trier of fact would have been insufficient.

from the fact that he is the same person she found guilty in the 1st trial twenty minutes earlier. The defendant maintains that reasonable jurists may disagree as to whether the *statute allows* any evidence from the first trial to be used by judge or jury in the 2nd trial for any purpose (while not disagreeing on the logic of the outcome - that the defendant at both trials was one and the same). Here, where at the time it was black letter law that evidence from the 1st trial may not be subsumed into the 2nd trial, *Ibid.*, counsel's failure to move for a required finding of not guilty arguably amounts to ineffective assistance of counsel.

## Conclusion

Where the issues are, as here, debatable among jurists of reason this Court should grant Mr. Garner's application for a certificate of appealability.

>Respectfully submitted,
>The Petitioner
>by his attorney,
>
>*/s/ Thomas N. Turner*
>Thomas N. Turner
>P.O. Box 152
>Spruce Head, ME 04859
>(207) 594-0960
>BBO # 562153

Dated: March 13, 2006